IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMEEK SHALAM JOHNS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00511 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| T. RAIFORD, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff, Lameek Shalam Johns, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants "unlawfully" increased his security classification.[1] I conclude that Johns has failed to state a claim of constitutional magnitude and, therefore, will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Johns alleges that on March 1, 2013, after an Institutional Classification Authority ("ICA") hearing, the defendants increased his security classification from Level 6 to Level S and that he was transferred to Red Onion State Prison ("ROSP"), a Level S facility, without ever receiving a finalized copy of the ICA Hearing Report. Johns alleges that he appealed the ICA determination to no avail. On July 24, 2013, after an "Internal Status Review," the ICA recommended that Johns remain as a ROSP "Special Management O" offender. Johns again appealed to no avail. Johns argues that he was unlawfully classified as security Level S by people who did not have the authority to classify him as such.

## II.

In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action. *Bevrati v. Smith*, 120 F.3d 500,

---

[1] Johns has also filed several motions which I construe as motions to amend his complaint to add new requests for relief (Docket Nos. 22 and 27), new defendants (Docket No. 23), and new facts (Docket No. 24). I will grant those motions and consider the complaint as amended.

502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or in being confined in any particular type of prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983). Because Johns' change in security classification does not deprive him of any constitutionally protected right, I conclude that Johns has failed to state a claim actionable under § 1983.

### III.

For the reasons stated, this action is dismissed without prejudice pursuant to § 1915A(b)(1).[2]

**ENTER**: This 3rd day of November, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Johns has also filed motions to consolidate and for a temporary restraining order, which I will deny as moot.

2